UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF
WISCONSIN

| | |
|---|---|
| **JULIE A. SU**, ) <br> Acting Secretary of Labor, ) <br> United States Department of Labor, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> **ARORA HOSPITALITY GROUP LLC,** ) <br> **BANEE CORPORATION, HARJAP** ) <br> **HOSPITALITY GROUP LLC, MKE OIL** ) <br> **CORPORATION, OSHKOSH** ) <br> **HOSPITALITY GROUP LLC** and ) <br> **HARDEEP ARORA**, an individual, ) <br> ) <br> ) <br> Respondents. ) | Misc. Case No.: <br><br> Judge: <br><br> Magistrate Judge: |

## ACTING SECRETARY OF LABOR'S PETITION FOR ENFORCEMENT OF ADMINISTRATIVE SUBPOENA *DUCES TECUM*

Petitioner **JULIE A. SU**, Acting Secretary of Labor, United States Department of Labor, ("Acting Secretary") by and through her counsel, pursuant to Section 9 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et. seq*., ("FLSA" or "Act"), applies to this Court for an Order requiring Respondent(s) **ARORA HOSPITALITY GROUP LLC, BANEE CORPORATION, HARJAP HOSPITALITY GROUP LLC, MKE OIL CORPORATION, OSHKOSH HOSPITALITY GROUP LLC** and **HARDEEP ARORA,** individually (collectively "Respondents") to comply with the Subpoena *Duces Tecum* issued by the Regional Administrator, Wage and Hour Division, United States Department of Labor, ("DOL") duly served upon Respondents, and an order tolling the statute of limitations.

**I**

Jurisdiction to issue the Order is conferred upon this Court by Section 9 of the Act, 29 U.S.C. § 209, and by Sections 9 and 10 of the Federal Trade Commission Act of 1914, as amended (15 U.S.C. §§ 49, 50) ("FTC Act").

1

## II

Section 11 of the FLSA authorizes the Acting Secretary to investigate and gather data regarding "conditions and practices of employment in any industry subject to this Act . . . as he may deem necessary or appropriate to determine whether any person has violated any provision of this Act, or which may aid in the enforcement of the provisions of this Act." 29 U.S.C. § 211. Section 9 of the FLSA further provides that sections 9 and 10 of the FTC Act (15 U.S.C. §§ 49, 50), relating to the production of documents, *inter alia*, are applicable to the Acting Secretary for purposes of investigations under the FLSA. 29 U.S.C. § 209. Section 9 of the FTC Act provides authorized agents shall have access to documentary evidence of "any person, partnership, or corporation being investigated or proceeded against; and the Commission shall have power to require by subpoena the attendance and testimony of witnesses and the production of all such documentary evidence relating to any matter under investigation." 15 U.S.C. § 49.

## III

A. Michael Lazzeri is the Regional Administrator of the Wage and Hour Division, United States Department of Labor, who, among others, has been delegated the authority by the Acting Secretary to issue administrative subpoenas under the Act ("Regional Administrator Lazzeri").

B. Jenna Carte is the Assistant District Director of the Milwaukee District Office of the Wage and Hour Division, United States Department of Labor ("Assistant District Director Carte").

## IV

A. Respondent Arora Hospitality Group LLC at all times referred to herein, is and was a Wisconsin corporation with an office and principal place of business located at 8176 Basil Ct., Neenah, WI 54956, within the jurisdiction of this Court.

B. Respondent Banee Corporation at all times referred to herein, is and was a Wisconsin corporation with an office and principal place of business located at 8176 Basil Ct., Neenah, WI 54956, within the jurisdiction of this Court.

C. Respondent Harjap Hospitality Group, LLC at all times referred to herein, is and was a Wisconsin limited liability company with an office and principal place of business located at 6331 S 13th Street, Milwaukee, WI 53221, within the jurisdiction of this Court.

D. Respondent MKE Oil Corporation at all times referred to herein, is and was a Wisconsin corporation with an office and principal place of business located at 6331 S 13th Street, Milwaukee, WI 53221, within the jurisdiction of this Court.

E. Respondent Oshkosh Hospitality Group LLC at all times referred to herein, is and was a Wisconsin corporation with an office and principal place of business located at 1515 Plainview Drive, Oshkosh, WI 54904, within the jurisdiction of this Court

F. Respondent Hardeep Arora, at all times referred to herein, is and was an individual identified as the current owner of Respondents, currently resides in Nennah, Wisconsin.

V

In order to conduct a thorough investigation into the wages, hours and other conditions and practices of employment, pursuant to section 11 of the FLSA, Wage and Hour investigators regularly review, copy and/or transcribe information from employers' records including, but not limited to, payroll records and records of hours worked, question and interview employees, and collect and review other relevant data relating to compliance by employers under the Act.

VI

On November 21, 2022, pursuant to the power vested in him as Regional Administrator of the Wage and Hour Division, United States Department of Labor, Michael Lazzeri signed and

3

issued an administrative Subpoena *Duces Tecum* ("Subpoena") requiring Respondents to appear before Jenna Carte, Assistant District Director of the Wage and Hour Division, United States Department of Labor, 1402 Pankratz, St. Madison, WI 53704, at 2:00 p.m. on December 2, 2022, to testify and produce designated books, records, and documents, listed on Attachment A to the Subpoenas, concerning matters within the scope of an investigation being conducted pursuant to the FLSA, 29 U.S.C. § 211. A copy of the Subpoenas *Duces Tecum* are attached hereto and incorporated herein by reference as Exhibits A-1, A-2, A-3, A-5 and A-5.

VII

On November 22, 2022, the Subpoenas were served upon Respondents by hand delivering a duplicate original of the Subpoenas to Respondents' registered agent, Parmeet Arora, at 8176 Basil Ct., Neenah, WI 54956. A copy of the signed Return of Service is attached hereto and incorporated herein by reference as Exhibits B-1, B-2, B-3, B-4 and B-5.

VIII

Prior to the issuance of the Subpoenas, the DOL engaged in a number of attempts to obtain the records from Respondents. The DOL's attempts to secure the documents by other means is reflected in the various requests, conversations, and correspondence exchanged between the DOL and Respondents in October 2022. (*See Declaration of Wage and Hour Investigator Tucker Owen in Support of the Acting Secretary of Labor's Petition to Enforce Administrative Subpoena Duces Tecum*, attached hereto and incorporated herein by reference as Exhibit C.) As a result of the failure of Respondents to produce the documents requested, the Subpoenas were issued and served on Respondents as provided herein. (*See Declaration of Wage and Hour Investigator Patrick E. Skorupski in Support of the Acting Secretary of Labor's Petition to Enforce Administrative Subpoena Duces Tecum*, attached hereto and incorporated herein by reference as Exhibit D; *See Also* Ex. B-1 through B-5).

IX

4

After the issuance of the Subpoenas, the DOL again engaged in a number of attempts to obtain the records from Respondents beginning on October 12, 2022, and continuing through March 27, 2023. Respondents and Owner have failed to comply fully with the Subpoenas and their failure to produce each of the specified books, records, and documents, as required by the Subpoenas, has impeded and continues to impede the Secretary's lawful investigation under the provisions of section 11 of the FLSA. Finally, on March 14, 2023, the undersigned attorney sent a final good faith letter to Respondent Hardeep Arora seeking Respondents voluntary compliance and provided a deadline date of March 27, 2023. A copy of the March 14, 2023 letter is attached hereto and incorporated herein by reference as Exhibit E. to date, the DOL has received no response to the March 14, 2023 letter.

## PRAYER FOR RELIEF

**WHEREFORE**, the Acting Secretary respectfully requests this Court:

A. Issue an Order requiring Respondents and Owner to fully comply with the DOL's Subpoenas *Duces Tecum* within 14 days of the date of the Order or show cause, if any, for their failure to comply with and obey the Acting Secretary's Subpoenas *Duces Tecum*;

B. Issue an Order requiring the U.S. Marshals Service to effect service upon Respondents;

C. Issue an Order tolling the statute of limitations from December 2, 2022, the date Respondents first failed to comply with the Acting Secretary's Subpoenas *Duces Tecum*, until such date as the Acting Secretary informs the Court that Respondents have complied in full;

D. Issue an Order directing Respondents to pay all costs and expenses incurred by the Acting Secretary in this matter; and

E. For such other just and further relief as may be necessary and appropriate.

Respectfully submitted,

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

P.O. Address:

Office of the Solicitor          s/Maulik Sharma
U.S. Department of Labor         **MAULIK SHARMA**
230 S. Dearborn St., Room 844    Trial Attorney
Chicago, IL 60604                Attorneys for **Julie Su**
Telephone No.: 312/353-0239      Acting Secretary of Labor
Fax No.: 312/353-5698            U.S. Department of Labor
E-mail: sharma.maulik@dol.gov    Petitioner

6