## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JULIE A. SU,<br>Acting Secretary of Labor,<br>United States Department of Labor,<br><br>               Petitioner,<br><br>               v.<br><br>ARORA HOSPITALITY GROUP, LLC,<br>et al.,<br><br>               Respondents. | Misc. Case No.: 23-mc-0017-bhl<br><br>Judge: Brett H. Ludwig |

## BRIEF IN SUPPORT OF ACTING SECRETARY OF LABOR'S MOTION FOR ADDITIONAL SANCTIONS

Petitioner **JULIE A. SU**, Acting Secretary of Labor, U.S. Department of Labor ("Acting Secretary" or "Petitioner"), through his undersigned attorneys, submits this *Brief in Support of Acting Secretary of Labor's Motion for Additional Sanctions*.

**A.    Judicial Sanctions Are Appropriate.**

    1.    A Coercive Daily Fine Is Required.

As this Court has already held Respondents **ARORA HOSPITALITY GROUP LLC, BANEE CORPORATION, HARJAP HOSPITALITY GROUP LLC, MKE OIL CORPORATION, OSHKOSH HOSPITALITY GROUP LLC**, and its owner **HARDEEP ARORA** (collectively "Respondents") in contempt (ECF Dkt. No. 7) ("Contempt Order") for failing to abide by the Court's Order to Show Cause (ECF Dkt. No. 4) ("Order to Show Cause"), a daily fine for their continued failure to comply with the Courts orders and an award of reasonable attorney fees and costs is appropriate. *See, e.g., Lineback v. Cherry Creek Elec., Inc.*, 2016 WL 1714221, at *3 (C.D. Ill. Mar. 23, 2016), *report and recommendation adopted*, 2016

WL 1651793 (C.D. Ill. Apr. 26, 2016). To date, Respondents have not produced any documents or provided any response to indicate a willingness to comply.

Once the Court finds a party in contempt, it may employ judicial sanctions "to coerce the defendant into compliance with the court's order, [or] to compensate the complainant for losses sustained." *Charles Schwab & Co. Inc. v. LaGrant*, 483 F. Supp. 3d 625, 627 (E.D. Wis. 2020), *appeal dismissed,* 2020 WL 9156935 (7th Cir. Oct. 9, 2020) (quoting *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303–04 (1947)). District courts are also authorized by statute "to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401(3). Furthermore, district courts have "broad discretion to fashion an appropriate remedy in a civil contempt action." *Id.* (quoting *F.T.C. v. Trudeau*, 579 F.3d 754, 772 (7th Cir. 2009)). "Civil contempt sanctions are properly imposed for two reasons: to compel compliance with the court order and to compensate the complainant for losses caused by contemptuous actions. Also, attorney's fees may be awarded in contempt proceedings at the court's discretion." *Tranzact Techs., Inc. v. 1Source Worldsite*, 406 F.3d 851, 855 (7th Cir. 2005) (citations omitted).

Because the Court's orders were insufficient to obtain Respondents' compliance, the Acting Secretary requests the Court order Respondents to produce all documents within ten calendar days, and subject each Respondent to a coercive fine of $60.00.00 per day, per respondent, for each day they fail to comply. *See, e.g., Sec'y of Labor v. River Ranch Bar & Grille, LLC*, 2018 WL 2074161, at *3 (M.D. Fla. Apr. 13, 2018), *report and recommendation adopted*, 2018 WL 2011372 (M.D. Fla. Apr. 30, 2018) (imposing $500 daily fine for failure to comply with default judgment obtained by the Secretary in an FLSA case); *Lineback v. Cherry*

*Creek Elec., Inc.*, 2016 WL 1714221, at *3 (imposing $500 daily fine for failing to comply with order enforcing three NLRB subpoenas); *Acosta v. N & B Lundy Corp.*, 2017 WL 1709438, at *3-*4 (M.D. Pa. May 3, 2017) (imposing $250 daily fine for failing to comply with district court order enforcing subpoena issued by the Secretary of Labor); *Hugler v. Guard Servs. Int. Inc.*, 2017 WL 11048839, at *1 (N.D. Ga. Mar. 22, 2017) (imposing $500 daily fine for failing to comply with district court order enforcing subpoena issued by the Secretary of Labor in an FLSA case); and *Chao v. Koresko*, 2005 WL 2521886, slip op. at 7 (3d Cir. Oct. 12, 2005) (affirming $250 per day fine imposed by district court for failure to comply with administrative subpoena issued by the Secretary of Labor ). A daily fine of $$60.00 per day, per respondent is necessary and appropriate.

      2. The Acting Secretary Is Entitled to Reasonable Costs and Attorney's Fees for Enforcing this Petition.

The Acting Secretary is also entitled to the costs and reasonable attorney's fees expended because of Respondent's contumacious conduct. *See Halderman v. Pennhurst State School & Hospital*, 49 F.3d 939, 941 (3d Cir. 1995) (in the context of contempt, "the innocent party is entitled to be made whole for the losses it incurs as the result of the contemnors' violations, including reasonable attorneys' fees and expenses") (citation omitted). District Courts routinely award costs and attorney's fees in similar circumstances. *See, e.g., Lineback*, 2016 WL 1714221, at *3-4 (awarding the NLRB attorney's fees for enforcing three subpoenas); *Hugler*, 2017 WL 11048839, at *1 (awarding the Secretary's attorney's fees and costs for respondent's failure to comply with district court order enforcing subpoena); *N & B Lundy Corp.*, 2017 WL 1709438, at *3-*4 (same). The Contempt Order provided, in pertinent part, that "Respondents pay all costs and expenses incurred by the Acting Secretary in this matter." (ECF Dkt. No. 7). The Acting

3

Case 2:23-mc-00017-BHL   Filed 10/24/23   Page 3 of 5   Document 11

Secretary requests the Court require Respondents to pay the reasonable attorney's fees incurred by the undersigned in preparing and filing the instant Motion.

The Acting Secretary is entitled to attorney's fees at the market rate. *Hamilton v. Daley*, 777 F.2d 1207, 1213 (7th Cir. 1985) (holding "[f]ees are based on reasonable billing rates in the relevant community, not net hourly earnings" in awarding attorney's fees to Cook County State's Attorney's Office) (citing *Blum v. Stenson,* 465 U.S. 886 (1984)). "[T]he district court generally begins the fee calculation by computing a 'lodestar': the product of the hours reasonably expended on the case multiplied by a reasonable hourly rate." *Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014) (citing *Sottoriva v. Claps,* 617 F.3d 971, 975 (7th Cir.2010)). "Although the lodestar yields a presumptively reasonable fee, the court may nevertheless adjust the fee based on factors not included in the computation." *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (other citation omitted).

Here, the undersigned attorney has fourteen years of legal experience as a litigator. (*See Declaration of Attorney Maulik Sharma in Support of Motion for Adjudication of Civil Contempt*, attached hereto as Exhibit B). Therefore, a market rate of $350 is appropriate. *See, e.g.*, *Sec'y of Labor v. La Bomba Food Restaurant, Inc.*, No. 20-cv-02678, 2022 WL 4130292 (N.D. Ill. June 30, 2023) (awarding DOL attorney market rate fee of $350 per hour for contempt motion in FLSA subpoena enforcement); *Kapellusch v. Bold Salons LLC*, No. 18-C-843, 2019 WL 402865, at *1 (E.D. Wis. Jan. 31, 2019) (awarding rate of $350 per hour to plaintiff's attorney based in Brookfield, Wisconsin in an FLSA case); *Heuberger v. Smith*, 2019 WL 3030312, at *5 (N.D. Ind. Jan. 4, 2019) (awarding rate of $450 per hour to plaintiff's attorney based in St. Louis, Missouri in an FLSA class action case). This rate is also reasonable in light of the U.S. Attorney's Office Attorney's Fee Matrix – 2013-2023. *See*

https://www.justice.gov/usao-dc/page/file/1504361/download (determining $674 per hour is a reasonable rate for attorneys with fourteen years of experience in the District of Columbia). The undersigned attorney spent a total of 9.0 hours preparing this Motion. Therefore, the Secretary is entitled to $3,150.00 in reasonable attorney's fees. (*See* Exhibit B).

      **B.**    **Tolling the Statute of Limitations for Ninety Days After Compliance with the Court's Order to Show Cause**

As the Court's Contempt Order previously tolled the applicable statute of limitations until "such date as the Acting Secretary informs the Court that Respondents have complied in full", the Acting Secretary requests the Court to toll the statute of limitations for Respondents' potential FLSA violations until such time as the Acting Secretary files a Complaint under the Fair Labor Standards Act.

For all the foregoing reasons, the Acting Secretary respectfully requests that her Motion for Additional Sanctions be granted.

    Respectfully submitted,

    **SEEMA NANDA**
    Solicitor of Labor

    **CHRISTINE Z. HERI**
    Regional Solicitor

P.O. Address:

    /s/Maulik Sharma
Office of the Solicitor    **MAULIK SHARMA**
U.S. Department of Labor    Trial Attorney
230 S. Dearborn St., Room 844
Chicago, IL 60604    Attorneys for **JULIE A. SU**
Telephone No.: 312/353-0239    Acting Secretary of Labor
Fax No.: 312/353-5698    U.S. Department of Labor
E-mail: sharma.maulik@dol.gov    Petitioner