UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JULIE A. SU,
Acting Secretary of Labor,
United States Department of Labor,

              Petitioner,

v.                                                   Case No. 23-mc-0017-bhl

ARORA HOSPITALITY GROUP LLC,
BANEE CORPORATION,
HARJAP HOSPITALITY GROUP LLC,
MKE OIL CORPORATION,
OSHKOSH HOSPITALITY GROUP LLC and
HARDEEP ARORA, an individual,

              Respondents.

## ORDER

On April 18, 2023, Petitioner Julie A. Su, Acting Secretary of Labor, United States Department of Labor, ("Acting Secretary") applied to this Court for an Order under Section 9 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et. seq.*, ("FLSA"). The Acting Secretary asked the Court to require, among other things, Arora Hospitality Group LLC, Banee Corporation, Harjap Hospitality Group LLC, MKE Oil Corporation, Oshkosh Hospitality Group LLC, and Hardeep Arora, individually, (collectively "Respondents") to comply with Subpoenas *Duces Tecum* issued by the Regional Administrator, Wage and Hour Division (WHD), of the United States Department of Labor. (ECF No. 1.)

According to the Acting Secretary, on August 11, 2022, the WHD opened an investigation to determine Respondents' compliance with the FLSA, including but not limited to, compliance with the FLSA's minimum wage, overtime, and record keeping provisions. (ECF No. 2 at 2.) After failing to obtain voluntary compliance with information requests, on November 21, 2022, the WHD issued subpoenas against Respondents. (*Id*. at 3.) Despite being served, Respondents failed to produce any documents responsive to the subpoenas, which the Acting Secretary reports were properly issued pursuant to the WHD's investigation of Respondents and as authorized by

29 U.S.C. § 209. (ECF No. 2 at 1–4.) The Acting Secretary next sought enforcement of the subpoenas through an Order from this Court, pursuant to 15 U.S.C. § 49. (*Id.* at 1.)

On May 15, 2023, the Court issued an Order to Show Cause directing the Respondents to either show cause, if any, for their failure to comply with and obey the administrative Subpoenas *Duces Tecum* or comply in full with the Subpoena *Duces Tecum*. (ECF No. 4.) The Court also ordered the U.S. Marshals Service to serve a copy of this Order, together with a copy of the Petition and Exhibits, upon Respondents. (*Id.*) On June 1, 2023, the U.S. Marshal 285 Form was returned executed as to all Respondents documenting that the Respondents were served on May 26, 2023. Respondents failed to comply with the Court's Order to Show Cause. Therefore, on June 30, 2023, the Court found Respondents to be in civil contempt for violating its May 15, 2023 Order to Show Cause. (ECF No. 7.) It ordered the U.S. Marshals Service to serve a copy of the Order upon Respondents, and the Respondents were all served by July 31, 2023. (ECF No. 9.) The Court also ordered that the statute of limitations was tolled from December 2, 2022 "until such date as the Acting Secretary informs the Court that Respondents have complied in full." (ECF No. 7 at 2.)

When Respondents' noncompliance continued, the Acting Secretary, on October 24, 2023, filed a motion for additional sanctions. (ECF No. 10.) At a November 1, 2023 hearing on the motion, the Court noted its hesitance to order further sanctions absent evidence that Respondents were affirmatively aware of the proceedings. (ECF No. 14.) The Court therefore continued the hearing until December 5 and ordered Petitioner to make further attempts to contact Respondents. (*Id.*) At the December 5 hearing, Hardeep Arora appeared. (ECF No. 18.) He explained he had recently suffered a death and serious illness in his immediate family, offered apologies to Counsel and the Court for his failures to comply, and requested additional time to comply with the subpoenas. (*Id.*) The Court continued the hearing for another month to give Arora and the other respondents time to comply with the document requests, and informed Arora that the other respondents (LLCs and corporations) had to appear through counsel. (*Id.*)

No one appeared for Respondents at the January 5, 2024 hearing. Counsel for the Acting Secretary informed the Court that Respondents have not produced any responsive documents and also have not answered the Acting Secretary's several attempts at communication. The Court therefore granted the Acting Secretary's motion for additional sanctions, in part. "Once [a] Court finds a party in contempt, it may employ judicial sanctions 'to coerce the defendant into compliance with the court's order, or to compensate the complainant for losses sustained."

*Charles Schwab & Co. Inc. v. LaGrant*, 483 F. Supp. 3d 625, 627 (E.D. Wis. 2020) (quoting *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303–04 (1947)). The Court's "discretion to fashion an appropriate remedy in a civil contempt action" is broad. *F.T.C. v. Trudeau*, 579 F.3d 754, 772 (7th Cir. 2009).

Given Respondents' continued non-compliance and failure to appear at the January 5, 2024 status hearing,

**IT IS HEREBY ORDERED** that Respondents shall produce all responsive documents to the Acting Secretary's subpoenas duces tecum as originally required by the Court's May 15, 2023 Order to Show Cause within **ten days** of the date of this Order, or **by January 15, 2024**.

**IT IS FURTHER ORDERED** that Respondents will be subject to a coercive fine of $60 per day, for which they will be jointly and severally liable, for each day after **January 15, 2024** that they fail to comply with this Order.

**IT IS FURTHER ORDERED** that the Acting Secretary shall serve Respondents with a copy of the Motion for Additional Sanctions and all related documents and a copy of this Order by the following means: (1) by personal service, or if Respondents will not accept service, by affixing this Order to the door of Respondent Hardeep Arora's residence; (2) by first class mail, uncertified and without return-receipt requested, and; (3) by certified mail, with return-receipt requested.

**IT IS FURTHER ORDERED** that the Acting Secretary must file proof of service on the docket within ten days of service.

**IT IS FURTHER ORDERED** that Respondents must pay the Acting Secretary costs and reasonable attorney's fees. The Acting Secretary must file additional documentation detailing these costs and reasonable fees within ten days of this Order, or **by January 15, 2024**.

**IT IS FURTHER ORDERED** that a continued status conference will be held on **March 15, 2024 at 9:00 a.m.** by telephone. To appear, call the court conference line at 1-669-254-5252, enter Meeting ID 160 9600 2659 # and Passcode 243805 before the scheduled hearing time.

Dated at Milwaukee, Wisconsin on January 5, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge